Mark Sullivan v. Raymond Marchelli Thanks Good morning. May it please the Court. I'm Janet Pumphrey from Mark Sullivan. If I may reserve two minutes at the end for rebuttal. I'd like to start if I may with my last argument, which is the unreasonable determination of facts. I realized as I prepared for today that I gave sort of short shrift to the D2E1 dichotomy. Could you get the mic a little closer? I'm having a hard time. Is that better? Much better. They said in my brief that the Supreme Court and also this Court has avoided those issues, but not necessarily so. I did not quote Miller L. or Teddy V. Bender in my brief, and I'd like to sort of go here now. The photograph Why don't you send us a 28-J letter on that case if you're citing a new case? I will. The photograph here, and the only reason I'm going to this spot is I do think these two sections apply. The photograph is the only evidence here. And the respondent basically says that Sullivan can't meet this requirement simply by showing a different interpretation of the same facts. For that proposition, the respondent relies on this Court's case, Torres v. Dennehy. And I think that case is instructive, because in Torres, like here, it involved not just subsidiary historical findings, but an interpretation of the facts. In Torres, the truth was Excuse me. What argument is this? This is the last argument, which is that the Appeals Court made an unreasonable determination of the facts, the State Appeals Court. All right. But you have a certificate of appealability in this case. I do. That is limited to a single issue. So that's the only issue we have jurisdiction over. The only issue here is the First Amendment issue. The sufficiency of the evidence issue was not preserved. The COA issued by the district judge is quite specific. I would disagree. I think the COA covered all of the issues. The COA says, I am therefore granting a certificate of appealability on the First Amendment claim. That's the language of the certificate. I would suggest that the insufficiency of the evidence was presented in a habeas petition. There's no question that it was presented below. But the purpose of the COA is for the district court to screen out those issues that it thinks are worthy of further appellate review. And in this case, the certificate of appealability, the operative sentence is a single sentence limited to the First Amendment. Well, certainly in my application for the certificate of appealability. No question you applied for a broader certificate. No question you raised it in the district court. But the district court issued a narrower certificate. And you never asked to have it amended or expanded. Exactly. And I didn't think that I needed to because the district court, if you read it carefully, the district court really recognized the duality between the First Amendment and the insufficiency of the evidence arguments. The district court stated that the appeals court decision reflected both the majority and the dissent engaged in the First Amendment analysis when considering the sufficiency challenge. Again, although Sullivan could have framed his state court pleadings to more highly highlight the federal constitutional nature of his sufficiency claim, the application for further appellate review necessarily recognized it. I think it's there. Does much turn on how we characterize this? Your point is, I think, there was a factual judgment or judgment about the nature of this photograph. That's right. And that's all there was. And that's as relevant to the First Amendment claim as anything else. Exactly. Okay, so you're just saying to us that we can scrutinize more closely the factual judgment than the state is saying that we can? Absolutely. Even under the First Amendment analysis? Absolutely. Okay, why? Well, because I think they are absolutely intertwined, the two issues. The sufficiency of the evidence and it's almost the same because the sufficiency of the evidence is there. It's that the evidence itself, either you're protected by the First Amendment or you're not protected by the First Amendment. And if you're not protected by the First Amendment, the sufficiency of the evidence, there's insufficient evidence. And so what standard are you asking us to apply in thinking about whether this photograph, as an evaluation of its content, as a kind of factual interpretation of what its content is, what standard do you think we should be applying in reviewing the Court of Appeals? Not whether it's unreasonable? Well, yes, whether it's unreasonable. Absolutely. As opposed to a factual finding as to whether it's unreasonable. The Appeals Court factual finding, and it is an unreasonable factual finding, which bleeds into the argument that it's insufficient evidence. Well, isn't the standard here whether the finder of fact, the state court, could reasonably find lewdness here? Could reasonably find lewdness. That's right, and I'm suggesting that they're particularly? We don't have to decide whether, in our view, we would find it lewd. We simply have to determine whether, given the law, for that matter, given the state of the evidence, as a matter of law, a fact finder could reasonably conclude that this was lewd. But I'm suggesting that it was insufficient evidence on the two prongs that led them to the lewd exhibition. There were nine or ten findings, specific factual findings, that it was not a lewd exhibition. There were five or six by the majority, and there were another five by the dissent. And there were only two factual findings that led the court to lewd exhibition. And those two factual findings were subjective. They were not factual findings. They were determinative. You're talking about the Appeals Court decision? Appeals Court decision, because that's what we have to do. Appeals Courts don't make factual findings. Appeals Courts have reasons in support of their conclusions, and you're certainly free to argue that the Appeals Court majority unreasonably applied the existing Supreme Court precedent and got it wrong, egregiously wrong. I am arguing that. But I'm also arguing under D2 and E1 that it was an unreasonable determination of facts. But unreasonable determinations of fact are made by trial courts, not by appellate courts. And we have no factual record here of fact-finding in the trial court, because what you're appealing from is a jury verdict, and it's a general verdict without specific findings. That's exactly right. And the Appeals Court, because it was only a photograph, the Appeals Court is a de novo review. Putting this issue aside, what is your argument as to why the Court of Appeals unreasonably concluded that the content of this photograph was lewd, and therefore not in violation of the First Amendment? Well, the D2, E1 argument, which I'm trying to reach, I think it's the D2 argument here that really prevails for the day, because in Torres v. Dennehy, Torres basically says that the factual argument bleeds into a legal argument, and it bleeds into the insufficiency of evidence argument here. Wait a minute. I'm saying what's wrong with it? Forget the conceptual point about whether the facts bleed into it. You think there was a judgment here that was unreasonable. That's right. So why substantively do you think it was? What did they do that was unreasonable? Well, the two particular facts that led them to the conclusion that it was a lewd exhibition were that the focal point, and these are subjective facts, determinative facts, the focal point of the photograph was the girl's breast, and that her hand was basically could be suggestive sexually. And I think that those two findings are not only contradictory to their other findings, they are subjective and they are speculative. And I think that that's an unreasonable determination of facts. I think it's a determinative fact that becomes a mixed question of fact and law, and I think it's important in terms of both. It bleeds, as in Torres, it bleeds into the legal argument, and the legal argument is the insufficiency. So if we were to agree with you, what would be the standard for lewdness that you'd be asking us to adopt? In other words, how clear does a photograph have to be in your view to count as lewd? Because you say here, well, it's too speculative. Well, there are a number of other cases of child pornography where the child is posed, the child is completely naked with genitals displayed, the child's in a sexually provocative situation, the photograph appears to be lewd. This is just a child playing in the sand, and there are plenty of findings of not only was she playing in the sand, she's digging in the sand in front of her, there's sand all over her arm, it's a beach, she's not posed, it's kind of a website that family vacations are on, and the two findings of lewdness were speculative and subjective. Isn't the difficulty, though, that you have in your argument, which we haven't gotten to yet, that there isn't any standard or accepted definition in First Amendment law from the Supreme Court on what lewdness means. So we've got to, it seems to me that in making the judgment this case requires, we've got to bear in mind that there has to be some fair degree of play in the spectrum of possible definitions of lewdness. And unless the definition of lewdness applied in this case, or implied by this conclusion, is outside that spectrum of possible lewdness definitions, then you lose. So what do we do about the problem, or what do you do in your case about the problem, that we don't have an accepted definition of lewdness to start with? Well, in my brief, I referred the court to both Osborne and Furwer. I think in both of those cases, the necessary premise is that it's still an interpretation of a particular photograph, but the photograph of the child does not include, child pornography does not include just innocuous photographs of a child on a beach who happens to be without her clothes on. And I think that's the Osborne case and the Furwer cases are the ones that I can give you. Let's see. I wanted to end up with, since the only evidence in this case is the photograph itself, when that description of the photograph becomes interpretation of that evidence, it becomes a mixed question of fact and law. And I will refer the case in a follow-up letter to Miller L. and also Teddy v. Bender, this court's case, that D-2's reasonableness standard applies to the final decision reached by the state court because it's a determinative factual question. It's not a mere subsidiary fact. It's a determinative question that involves interpretation. And the presumption of correctness only applies to individual fact findings. So I will rest on my brief for everything else, but I will rebut. Thank you. Did you reserve time? Yes, I did. Would you like to reserve time? I would. Do you want one minute? I'll give you one minute to reserve time. Did she reserve time, Laura? Oh, she did. I'm sorry. Okay. Good morning. May it please the Court. Ryan Furch on behalf of the Respondent. There's two issues focusing on the sole claim that's before this Court. There's two issues that aren't contested. One, that child pornography is not protected by the First Amendment. And second, that the Massachusetts statute adopts the constitutionally approved lewd exhibition and prohibiting the possession of child pornography. I think there's two ways the Court can look at the claim that was presented here. One is through the narrow frame that the petitioner presented in his habeas petition. And that is he said that his conviction is unconstitutional under the First Amendment because it didn't exhibit the requisite lewd exhibition. As Justice Souter pointed out, there's no definition from the Supreme Court or clearly established law on a definition of lewd exhibition. So under that analysis, habeas relief is not available. The second is some of the more... Wait. You've kind of jumped pretty fast to that. The fact that the standard is general doesn't mean that there's no standard at all. If Massachusetts had said that a photograph of Donald Duck doing nothing at all, just standing there, was a lewd exhibition, the generality of the standard wouldn't bother us, I don't think. I agree. The standard operates at a high level of generality, but there must be a minimum of basic showing that's got to be made in order for the statute to be constitutionally applied. I completely agree, and when I started I said there's two ways. One is the way that the petitioner framed it in his habeas petition, which I argue is narrow. The second is certainly under the broad standard, and the standard here is very broad. It's defined in Ferber and Osborne as child pornography cannot prohibit mere nudity. It has to be something more. Now, under that standard, which is exceedingly broad, state courts have a wide latitude in defining what is lewd. That's exactly what the Mass Appeals Court did here. It cited the appropriate law, so its finding was not contrary to clearly established law from the Supreme Court. Then it moved on and looked reasonably, I suggest, to how to define lewd and how to define lewd under the Massachusetts standard. It looked at the dose factors, which many courts, I certainly know there's a lot of contention on how relevant those are, but it looked at those and it also completed its own analysis of the photo. So I suggest under either analysis, which really the merits of this, I think, are two sides of the same coin. One is looking at the narrow issue framed in the habeas petition, which requires the definition of lewd exhibition, there's no clearly established law, or applying the more general standard. The Mass Appeals Court decision was not an unreasonable application of the broad standard. Just so I understand the position, I think I know the answer to this question, but I just want to make sure I have it right. If the person being prosecuted here was the parents of the person who took the, assume the parents took the picture of the child. Correct. During a beach vacation, it was Siri Autumn photographs. They happened to capture this one particular image in a stream of images of the child on the beach. I take it the position would be that would be, the photograph is equally lewd even in that context, and the parents could go to prison for ten years for having the photograph in their camera. I think, outside of the habeas context, I think there could be a reading of the Massachusetts statute that would breach that. The question is, as the Ferber Court said, and the Ferber Court acknowledged that there might be over breadth in some of these contexts, but that that over breadth needed to be addressed on a case-by-case basis. So in that case, certainly it might reach it, but hopefully one would hope that that issue would be addressed in the case. How could it be? That's what I'm trying to figure out, under the lewdness test. I understand the prosecutor might choose not to prosecute, but just in terms of whether this photograph is, we don't know anything about it, we don't know where it came from, we don't have anything, and it's subject to various possible interpretations. Your position is because the lewdness test hasn't been interpreted by the Supreme Court with any specificity, that all that ambiguity can be used to adopt a relatively broad interpretation. And if that's true, then it would seem to apply even as to the parents who took the picture, if in fact parents took it. It certainly could, and I'd like to address that two ways. One is, as you point out, the prosecutors could choose not to prosecute it. The other is the defendant could raise a constitutional challenge, either to the over breadth, to vagueness, or an as-applied challenge. I'd actually like to point out, and I would eventually like to get to the exhaustion argument briefly, but the petitioner here in the trial court raised all three of those arguments, but those were abandoned as he went up on appeal. So it's not that he didn't try and didn't know to make those arguments, and those were, in fact, made here, and I think that would be certainly one way to address the parents taking a picture on vacation, is they could challenge that, and certainly wouldn't be able to do a challenge under any of those three in the state courts. I don't understand. The challenge would be a vagueness due process challenge? It could be an over breadth, it could be a vagueness, or it could be an as-applied challenge. And how does that differ meaningfully from the challenge that's being brought, which I understood to be the reason it's an unreasonable application to conclude that it's not First Amendment protected, that the state is giving, is that they're free to interpret the breadth of it broadly and without having any particular clear definition as to what's being given. That seems to be what her First Amendment objection is. Well, it differs because, first of all, those three arguments were certainly dropped as they went through the state courts, and the argument changed, and the argument presented here was that the court misapplied a lewd definition. And my argument is because there isn't a lewd definition in the court, as narrowly framed by the petitioner by the time he got to the federal district court, is that the Mass Appeals Court cannot unreasonably apply that definition because there is no clearly established law on that definition. Unless there's any other arguments on the merits, I'd like to briefly touch on the exhaustion issue. And my main reason for doing that is to ask this court to reach it, to clarify the viability of Barisi in light of the Supreme Court's opinion in Baldwin. And the reason I do that is because the district court here seemed to engage in a Barisi analysis, and it's unclear whether or not district courts are still allowed to do such. For example, the district court here said, certainly the petitioner could have framed his arguments more clearly to the state Supreme Court, but because the petitioner cited the dissent, and the dissent discussed the First Amendment, and the majority also discussed the First Amendment, and because the Appeals Court's opinion was before the SJC, therefore the issue was exhausted. I suggest that in light of Baldwin, that type of analysis is no longer allowed. And I'd ask the court to address that, to provide clarity for district courts and for petitioners in state court to know, again, that if they want to raise federal claims here, the First Amendment claim, they have to exhaust that. And I'm not suggesting the exhaustion had to be extensive. It could have been just a single sentence here. I suggest that the claim that was exhausted was sufficiency, and I think the petitioner could have easily said the evidence was insufficient, but even if it was, the First Amendment protected this issue. I suggest that would have been sufficient to exhaust the issue here, and I ask the court to address that to clarify it for district courts. Thank you. Just on that last exhaustion issue, which I didn't reach before, the district court correctly found that the application for further appellate review fairly and recognizably presented the factual issues and the legal issues of his First Amendment claim. The SJC didn't have to read lower court's opinions, as my brother has said. As correctly found by the district court, Sullivan relied upon the appeals court decision. He quoted extensively from the appeals court decision, and he attached the appeals court decision to his application. The court recognized the court analogized to Amaralt, which is a quintessential First Amendment case, and Sullivan touched on all of Ned Warney's prongs. He cited the constitutional provisions. He relied extensively on federal constitutional precedent and claimed a determinant right that's constitutionally protected, so I would suggest that the First Amendment argument is before you for consideration. Thank you. Thank you.